Gross, J.,
dissenting.
The majority has scoured the trial judge’s words, like a medieval monk pouring over sacred text, looking for nuances that would support reversal.
Here, the legal basis for reversal is that the judge violated the constitution by failing to exercise “independent judgment.” A failure to exercise independent judgment is a flimsy notion upon which to erect a reversal. If law involves the drawing of *142 lines, who can say when independent judgment begins and ends?
The majority is reversing a sentence that is entirely appropriate for the crime appellant committed, given his criminal history. I agree with the state that the trial judge here conducted a de novo sentencing hearing, for which he was clearly prepared. The judge exercised his discretion to impose the same sentence as the judge who presided over the 1994 trial.
The sad irony of the law is that a judge can shred the Constitution in sentencing so long as he does not utter words that give him away. Those , are cases that courts typically affirm. See, e.g., Charles v. State, 204 So.3d 63, 71-74 (Fla. 4th DCA 2016) (Gross, J., dissenting).